UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN PRUITT,

        Petitioner,

    v.

RANDALL R HEPP,

        Respondent.

Case No. 20-cv-0971-bhl

## ORDER GRANTING MOTION TO HOLD PETITION IN ABEYANCE

On June 29, 2020, petitioner Ryan Pruitt, a state prisoner currently incarcerated at Waupun Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On July 30, 2020, Magistrate Judge Stephen C. Dries granted Pruitt's motion to proceed without prepaying the filing fee and screened Pruitt's petition. (ECF No. 7.) Respondent filed an answer to the petition on December 17, 2020. (ECF No. 13.)

On February 24, 2021, Pruitt filed a motion to hold his petition in abeyance. (ECF. No. 14.) Pruitt acknowledges that some of his claims have not been exhausted in state court and therefore requests "an order staying his pro se petition for writ of habeas corpus while [he] exhausts his unexhausted federal claims in the state court system." (*Id*. at 1.)

A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to *any one* of the petitioner's federal claims. *Rose*, 455 U.S. at 510; *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the

petitioner the opportunity to exhaust the remaining claim. *See Rhines v. Weber*, 544 U.S. 269, 273-79 (2005); *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000).

Pruitt's petition appears to present both exhausted and unexhausted claims and is thus a "mixed petition." *See Rose*, 455 U.S. at 510. In a situation like this, Pruitt may either (1) have this case stayed while he pursues his unexhausted claims in state court or (2) abandon any claims he has not exhausted and proceed in this case with his exhausted claim. Based on his latest motion, Pruitt wants his case stayed, and Respondent has not indicated any opposition to the stay request. Because it appears that Pruitt is near the one-year statute of limitation for cases brought under §2254, the stay will be granted.

The stay is not indefinite, however. If he has not already done so, Pruitt must promptly file an appropriate motion in state court to fully exhaust any unexhausted claims. If he does not initiate proceedings to exhaust those state court claims within 60 days of the date of this Order, the Court may lift the stay and require Pruitt to proceed only on his exhausted claims.

Based upon the foregoing, this case is stayed and administratively closed until further order of the Court. Pruitt is directed to notify the Court immediately when his state court exhaustion efforts are complete. Failure to do so may result in the summary dismissal of this action.

**IT IS HEREBY ORDERED** that Pruitt's motion to hold his petition in abeyance, ECF No. 14, is GRANTED.

Dated at Milwaukee, Wisconsin on September 13, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge